IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GREGORY GAMACHE,

               Plaintiff,

    v.

UNITED STATES OF AMERICA,

               Defendant.

CV-11-296-ST

FINDINGS AND
RECOMMENDATION
TO GRANT IN FORMA
PAUPERIS AND
TO DISMISS

STEWART, Magistrate Judge:

      Plaintiff, Gregory Gamache, has applied to proceed *in forma pauperis* (docket #1). Because plaintiff indicates that he is not employed and has no income or assets, his application to proceed *in forma pauperis* should be granted. However, for the reasons set forth below, plaintiff's Complaint should be dismissed with prejudice on the basis that it fails to state a claim and is frivolous.

///

1 - FINDING AND RECOMMENDATION

## ALLEGATIONS

Although plaintiff has filed a pleading captioned a "Civil Motion," this court construes it as a Complaint. The only named defendant is the United States of America. To protect the citizens of the United States, plaintiff seeks an order "for the immediate passage of a United States federal law, protecting its citizens from the use of electronic weapons." To support this request, he alleges that unlike Michigan, Massachusetts, and Maine, "federal lawmakers have refused to pass laws that would protect their citizens from the use of electronic weapons" which "permanently damage, injure and kill people." He states that these electronic weapons are cheap, easily available, and operate from a distance by emitting a signal that injures people.

## STANDARDS

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears [by suggestion of the parties or otherwise] that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

///

>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Services*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

## **FINDINGS**

This court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). Despite a careful review of plaintiff's allegations, this court is unable able to unearth any source of subject matter jurisdiction.

The United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity. Absent a waiver of sovereign immunity, federal courts have no subject matter jurisdiction in cases against the United States government. *United States v. Kitchell*, 463 US 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Kaiser v. Blue Cross of Cal.*, 347 F3d 1107, 1115 (9th Cir 2003). The most common waivers of

sovereign immunity are found in the Federal Tort Claims Act ("FTCA"), 28 USC § 2674 (waives sovereign immunity for certain tort claims), the Administrative Procedures Act, 5 USC § 702 (waives sovereign immunity for nonmonetary claims based on agency action), the Equal Access to Justice Act, 28 USC § 2412 (waives sovereign immunity for costs and fees), and the Bankruptcy Act, 11 USC § 106(a) (waives sovereign immunity in bankruptcy proceedings).

Here plaintiff complains only that federal lawmakers have not passed a law that he believes should be passed. The most likely candidate for waiver of sovereign immunity is the FTCA. However, the FTCA does not apply to any claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 USC § 2680(a). The failure to pass a law is clearly a discretionary function by federal lawmakers. In addition, the FTCA only waives sovereign immunity "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USC § 1346(b). A private person cannot be liable to plaintiff for failing to pass a law.

A plaintiff may sue federal officials, but only in limited circumstances. In *Bivens v. Six Unknown Federal Narcotics Agents*, 403 US 388 (1971), the Supreme Court held that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 US 14, 18 (1980). A *Bivens* action must be brought against the responsible federal official in his or her individual capacity for damages. *Daly-Murphy v. Winston*, 837 F2d 348, 355 (9th Cir 1987). However, *Bivens* does not authorize a suit against United States or its agencies for

injunctive or monetary relief or on the basis of *respondeat superior* liability. *Terrell v. Brewer*, 935 F2d 1015, 1018 (9th Cir 1991); *Thomas Lazear v. F.B.I.*, 851 F2d 1202, 1207 (9th Cir 1988).

Accordingly, even if plaintiff repleads to sufficiently state a cognizable federal claim, he cannot sue the United States or any federal officials in this court for failing to pass certain laws.

## RECOMMENDATION

Based on the foregoing, plaintiff's Complaint should be DISMISSED with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 11, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 24th day March, 2011.

        s/ Janice M. Stewart_____
        Janice M. Stewart
        United States Magistrate Judge